J-S29019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL RHODES JR. | : | |
| | : | |
| Appellant | : | No. 3206 EDA 2019 |

Appeal from the PCRA Order Entered October 28, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008491-2003

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 25, 2020**

Appellant Nathaniel Rhodes, Jr. appeals *pro se* from the order dismissing his petition for *habeas corpus* as an untimely serial petition under the Post-Conviction Relief Act (PCRA) 42 Pa.C.S. §§ 9541-9546. Appellant argues that the PCRA court should have treated his filing as a petition for writ of *habeas corpus* and that he was entitled to relief on his claims. We affirm.

The underlying facts and procedural history of this matter are well known to the parties. **See** PCRA Ct. Op., 11/25/2019, at 1-4; **see also Commonwealth v. Rhodes**, 2821 EDA 2019, at 1-2 (Pa. Super. filed May 21, 2019) (unpublished mem.). Briefly, on June 11, 2004, Appellant was sentenced to a mandatory term of twenty-five to fifty years' imprisonment

_____

[*] Retired Senior Judge assigned to the Superior Court.

after he was convicted of three counts of robbery and one count of receiving stolen property.[1]  Appellant subsequently filed a direct appeal and several unsuccessful petitions for collateral relief.[2]

On July 18, 2019, the PCRA court docketed Appellant's instant *pro se* filing, which he labeled as a petition for *habeas corpus*.  Therein, Appellant asserted that "[t]he statute under which [Appellant] is being confined, [42 Pa.C.S. § 9714(a)(2)], is unconstitutionally vague."  *Pro Se* Pet. for *Habeas Corpus*, 7/18/19, at 2.  Specifically, he claimed that Section 9714(a)(2) "does not adequately describe the sequence of convictions needed to impose [Appellant's] third-strike sentence under the statute."  ***Id.*** at 4.  Appellant argued that his void-for-vagueness claim was not cognizable under the PCRA in light of this Court's decision in **Commonwealth v. Rouse**, 191 A.3d 1 (Pa. Super. 2018).  ***Id.*** at 3-4.  Further, he claimed that he "could not have raised

---

[1] At sentencing, the trial court noted that Appellant had two prior robbery convictions.  Specifically, on August 7, 1995, Appellant pled guilty to robbery based on an offense that occurred on November 23, 1994.  On October 2, 1995, Appellant pled guilty to a robbery that occurred on November 7, 1994. **See** N.T. Sentencing Hr'g at 7.  Appellant was sentenced under Pennsylvania's "three-strikes" sentencing statute, which requires a sentence of at least twenty-five years' imprisonment for defendants who were previously convicted of two or more enumerated crimes of violence. **See** 42 Pa.C.S. § 9714(a)(2); **see also Commonwealth v. Smith**, 866 A.2d 1138, 1140-41 (Pa. Super. 2005) (recognizing Section 9714 as Pennsylvania's "three strikes" law).

[2] We note that Appellant has filed several PCRA petitions challenging the legality of his sentence under Section 9714, but this Court concluded that those petitions were untimely filed. **See Rhodes**, 2821 EDA 2019, at 1-2.

a void-for-vagueness challenge at sentencing or [in] a post-sentence motion" because the cases interpreting Section 9714(a)(2) had not yet been decided. ***Id.*** at 4.

The Commonwealth filed a response arguing that Appellant's *pro se* filing should be treated as an untimely PCRA petition. Commonwealth's Answer, 10/2/19, at 1-6. Further, the Commonwealth asserted that, even if Appellant raised a proper *habeas* issue, Appellant waived his claim by failing to raise it at sentencing or in a post-sentence motion. ***Id.*** at 7 (citing ***Rouse***, 191 A.3d at 8).

On October 4, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a timely *pro se* response reiterating that his claims were not cognizable under the PCRA. On October 28, 2019, the PCRA court issued an order dismissing Appellant's petition.

The PCRA court docketed Appellant's timely *pro se* notice of appeal on November 8, 2019. The PCRA court subsequently issued a Pa.R.A.P. 1925(a) opinion concluding that (1) Appellant's *pro se* filing was an untimely PCRA petition; and (2) even if Appellant's claim was a proper *habeas* issue, it was waived.[3] Trial Ct. Op., 11/25/19, at 7.

On appeal, the Appellant raises the following issue:

---

[3] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant did not file one.

> Whether the trial court erred when converting [A]ppellant's claim that his sentencing statute was void-for-vagueness at the time of his sentencing from a writ of *habeas corpus* petition to a [PCRA petition]?

Appellant's Brief at 3 (full capitalization omitted).[4]

Appellant argues that the PCRA court erred by treating his petition as an untimely PCRA petition in light of this Court's decision in **Rouse**. **Id.** at 9. Further, Appellant asserts that his *habeas* claim is not waived, as "the cases that bring into question the vague statutory language" of Section 9714(a)(2) were decided after his appeal deadlines had passed. **Id.** at 16. Further, he asserts that until **Rouse**, his claim would have been subject to the PCRA and its timeliness restrictions. **Id.** Therefore, Appellant claims that he could not have raised a void-for-vagueness claim at sentencing or in any prior *habeas* petition. **Id.** at 16-17.

With respect to his underlying claim, Appellant maintains that he is not challenging the legality of his sentence. **Id.** at 15. Instead, Appellant contends that, at the time he was sentenced, Section 9714(a)(2) did not "adequately specify the sequence of prior convictions needed to impose a third-strike sentence." **Id.** at 11-12, 15. Appellant argues that subsequent decisions by this Court and our Supreme Court have confirmed that the statute contained ambiguous language and that the "recidivist philosophy" controls the interpretation of the statute. **Id.** at 12-13 (citing, *inter alia*,

---

[4] The Commonwealth did not file a brief. Appellant filed an application for relief requesting that we grant relief "due to no opposition from the Commonwealth." Application for Relief, 6/9/20, at 2.

*Commonwealth v. Shiffler*, 879 A.2d 185, 195 (Pa. 2005) (holding that Section 9714(a)(2) was "ambiguously silent regarding whether predicate convictions must be sequential"). Therefore, Appellant argues that because these interpretations were not available at the time of his sentencing, the statutory language was void-for-vagueness and "violated his constitutional rights." *Id.* at 13.

Initially, we must determine whether Appellant's claims are cognizable under the PCRA. This issue presents a question of law over which our standard of review is *de novo* and our scope of review plenary. *Commonwealth v. Montgomery*, 181 A.3d 359, 367 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018).

By way of background, it is well settled that

[a] petition for a writ of *habeas corpus* "lies to correct void or illegal sentences or an illegal detention, or where the record shows a trial or sentence or plea so fundamentally unfair as to amount to a denial of due process or other constitutional rights, or where for other reasons the interests of justice imperatively required it." Pursuant to [42 Pa.C.S. § 6502], "[a]ny judge . . . may issue the writ of *habeas corpus* to inquire into the cause of detention of any person or for any other lawful purpose." The writ, if issued, directs the restraining authority to produce the person and state the "true cause of the detention."

*Chadwick v. Caulfield*, 834 A.2d 562, 566 (Pa. Super. 2003) (citations omitted and some formatting altered).

The Pennsylvania General Assembly enacted the PCRA "to be the sole means of achieving post-conviction relief." *Commonwealth v. Taylor*, 65

A.3d 462, 465 (Pa. Super. 2013) (citation omitted). Section 9542 states that the PCRA

> provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.

42 Pa.C.S. § 9542; ***accord*** 42 Pa.C.S. § 6503(b) (stating that "[w]here a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law").

Section 9543 defines the eligibility requirements for the PCRA and provides that a petitioner may seek relief under the PCRA for "a conviction or sentence" that resulted from "[t]he imposition of a sentence greater than the lawful maximum" or "[a] proceeding in a tribunal without jurisdiction." 42 Pa.C.S. § 9543(a)(2)(vii)-(viii).

Additionally, a PCRA petitioner must demonstrate that "the allegation of error has not been previously litigated or waived" and "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." ***Id.*** § 9543(a)(3)-(4). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Generally, direct appeal claims that a petitioner failed to raise on appeal are waived for purposes of the PCRA. *See Commonwealth v. Brown*, 872 A.2d 1139, 1145 (Pa. 2005).

Our Supreme Court has held that

> the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review. Such narrow construction would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not.

*Commonwealth v. Hackett*, 956 A.2d 978, 986 (Pa. 2008) (citations omitted).

Furthermore, "[t]he PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions." *Commonwealth v. Fennell*, 180 A.3d 778, 781 (Pa. Super. 2018), *appeal denied*, 192 A.3d 1111 (Pa. 2018); *see also* 42 Pa.C.S. § 9545. We have explained that

> [i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

*Taylor*, 65 A.3d at 466 (citations and footnote omitted).

As to claims challenging the legality of a sentence, this Court has stated that

> [a] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition.

- 7 -

> A sentence is illegal where a statute bars the court from imposing that sentence or where the sentence subjects a defendant to double jeopardy. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.

*Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) (citations omitted and formatting altered).

However, "[c]areful consideration should be paid to determining when a claim pertains to an illegal sentence or if it is more accurately considered a waivable issue that presents a legal question." *Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa. Super. 2014) (citations omitted).

> The phrase "illegal sentence" is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. Those categories are: (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466 . . . (2000).

> The latter category includes claims that arise under the progeny of *Apprendi*, including *Alleyne v. United States*, 570 U.S. 99 . . . (2013). Additionally, this Court has also held that claims pertaining to the Eighth Amendment's Cruel and Unusual Punishment Clause also pertain to the legality of the sentence.

*Commonwealth v. Smith*, 194 A.3d 126, 137 (Pa. Super. 2018), *appeal denied*, 208 A.3d 64 (Pa. 2019) (some citations omitted and some formatting altered).

In sum, a petitioner must bring a claim under the PCRA if "the PCRA provides a remedy for such a claim" under 42 Pa.C.S. § 9543(a). *Commonwealth v. Fahy*, 737 A.2d 214, 224 (Pa. 1999). The fact that the

claim cannot be considered under the PCRA because it was previously litigated, waived, or untimely "does not alter the PCRA's coverage or make *habeas corpus* an alternative basis for relief." ***Id.***

Even if a claim is not cognizable under the PCRA, it is well settled that "*habeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." ***Rouse***, 191 A.3d at 6 (citation and quotation marks omitted). Therefore, challenges to a conviction or sentence that could have been raised at trial or in a direct appeal are waived for the purposes of a *habeas corpus* petition. ***Id.*** at 7.

In ***Rouse***, the petitioner filed a *pro se* petition for writ of *habeas corpus* arguing that the second-degree murder sentencing statute, 18 Pa.C.S. § 1102(b), was void for vagueness because it failed to give adequate notice of the penalty for the offense. ***Rouse***, 191 A.3d at 2. The PCRA court viewed the claim as a challenge to the legality of his sentence and treated it as a PCRA petition. ***Id.*** at 3. On appeal, this Court concluded that the appellant's "void-for-vagueness claim is a sentencing issue that presents a legal question that is qualitatively distinct from the categories of illegal sentences recognized by our courts." ***Id.*** at 6. Further, the ***Rouse*** Court explained that the petitioner's claim did "not challenge the sentencing court's authority or actions insomuch as it challenge[d] the legislature's ostensible failure to provide adequate notice of the penalty for second-degree murder." ***Id.***

As such, the **Rouse** Court held that the petitioner's void-for-vagueness claim was not cognizable under the PCRA:

> because [the petitioner's] claim does not challenge the imposition of a sentence in excess of the lawful maximum, it does not fall under the purview of Section 9543(a)(2)(vii). And, to the extent that Section 9543(a)(2)(vii) encompasses all illegal-sentencing issues, [the petitioner's] claim does not implicate any category of illegal sentences previously recognized by Pennsylvania Courts. Moreover, because [the petitioner's] constitutional challenge to Section 1102(b) does not implicate his guilt or innocence for the underlying offense, his void-for-vagueness claim cannot arise under the typical provision used to address constitutional errors, Section 9543(a)(2)(i).

**Id.** at 7.

Although the **Rouse** Court determined that the petitioner's claim was not cognizable under the PCRA, it concluded that no relief was due because the petitioner waived the claim. **Id.** at 6-7. Specifically, this Court reasoned that the petitioner's claim was not a non-waivable legality-of-sentencing issue. **Id.** at 7. Further, the **Rouse** Court concluded that "because [the petitioner] could have challenged the constitutionality of Section 1102(b) at sentencing or in a postsentence motion, he . . . failed to exhaust all available remedies before seeking relief under *habeas corpus*." **Id.**

Here, to the extent Appellant raises a void-for-vagueness claim, it is not cognizable under the PCRA. **See id.** However, a void-for-vagueness claim does not constitute a non-waivable sentencing claim. **See id.** Therefore, like the petitioner in **Rouse**, Appellant waived his claim by failing to raise it at sentencing or in a post-sentence motion. **See id.**

Accordingly, for the foregoing reasons, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed. Application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/20